STATE OF CONNECTICUT *v.* JOEL DORT
(AC 34071)

Robinson, Alvord and Mihalakos, Js.

Argued May 30—officially released October 2, 2012

*Robert E. Byron*, special public defender, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Michelle Bredefeld*, assistant state's attorney, for the appellee (state).

### Opinion

ROBINSON, J. The defendant, Joel Dort, appeals from the trial court's judgment of conviction, following a jury trial, of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (C) and burglary in the first degree in violation of General Statutes § 53a-101 (a) (2). On appeal, the defendant claims that the court erred in denying defense counsel's request for a

second competency examination.[1] We conclude that the court erred by conducting an inadequate inquiry into the defendant's competence, and, therefore, reverse the defendant's conviction.

The jury could have reasonably found the following facts. In 2009, the defendant was discharged from his position as a computer consultant for XL Capital, an insurance and reinsurance company in Stamford. Approximately four months after the termination of his employment, the defendant entered XL Capital without proper authorization and waited for the victim, one of his supervisors, in her office. The defendant asked the victim for his job back, and she informed him that the job had been outsourced. The victim asked the defendant to leave, and when he did not, she threatened to call security. The victim reached for her telephone to call for assistance, and the defendant grabbed the telephone out of her hand and pointed a gun at her. The victim tried to escape from the defendant by stepping toward the door, and the defendant crushed the victim's hand in the doorway, grabbed the victim by the throat and slammed her head against the office wall. The victim broke free and ran out of her office. The defendant left the building and was later arrested and charged in a substitute long form information with burglary in the first degree in violation of § 53a-101 (a) (2), kidnapping in the first degree in violation of § 53a-92 (a) (2) (C) and strangulation in the second degree in violation of General Statutes § 53a-64bb (a).[2]

---

[1] The defendant also claims on appeal that the court erred in not allowing him to withdraw his motion for a speedy trial. Because we conclude that the court erred in denying the defendant's request for a competency examination without conducting an adequate inquiry into the defendant's competence, we need not address this claim.

[2] The jury found the defendant not guilty of strangulation in the second degree.

Pursuant to General Statutes § 54-56d,[3] the court on November 13, 2009, ordered an examination to determine if the defendant was competent to stand trial. After the examination was completed and memorialized in a report dated December 16, 2009, the parties stipulated before the court that the defendant was competent to stand trial.[4]

On June 23, 2010, the court granted the defendant's motion for a speedy trial and scheduled jury selection to commence the following day. At the beginning of jury selection on June 24, 2010, defense counsel brought to the court's attention his concerns regarding the defendant's competency to stand trial, and asked for another competency examination to be performed. The defendant's counsel stated: "I have not had a recent chance to have a long discussion with my client, but I have had chances yesterday and on the telephone and this morning, and just so the court's aware, he was evaluated, competency evaluated in or about the first months after the incidents that gave rise to these charges occurred." At that time the court noted that a § 54-56d (d) examination had been ordered. Defense counsel continued to address the court: "My understanding of the statute is that competency is not established forever. And that having been said, I know [the

---

[3] General Statutes § 54-56d provides in relevant part: "(c) Request for examination. If, at any time during a criminal proceeding, it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency.

"(d) Examination of defendant. Report. If the court finds that the request for an examination is justified and that, in accordance with procedures established by the judges of the Superior Court, there is probable cause to believe that the defendant has committed the crime for which the defendant is charged, the court shall order an examination of the defendant as to his or her competency. . . ."

[4] The results of the defendant's competency examination were ordered sealed by the court. Although the defendant improperly included a copy of the results of the examination in the appendix to his brief, we note that we did not consider those results in making this decision.

defendant] has had a competency evaluation, but there are things that he has said to me and clear-cut advice that, both on the record and off the record, he continues not to follow when I give it to him. And these are fundamental bits of advice, Judge, I might add. So, for example, don't talk to anybody about your case or be advised that you're not obliged to incriminate yourself by making incriminating statements. And nonetheless, that has, in my view, occurred. And my largest problem at this point is that in the period of one day, since yesterday, I've been asked questions and I've observed a behavior that leads me to believe that he will continue to have difficulty and an inability to effectively communicate with counsel in such a way that it will hinder my ability to defend him, especially with regard to his understanding of the case and the facts and conditions that existed at the time that he feels are relevant to his defense. And for that reason, I would request at this juncture that the court reexamine him for competency at this juncture."

In response, the court noted that a report had been filed approximately seven months previously that found the defendant competent to understand the charges against him and to assist in his defense. The court followed up by stating: "And I'm hearing that there's disagreements over following the advice of counsel and perhaps tactical issues as to whether or not certain issues and statements might be relevant or not relevant. I'm not—I mean, that happens in many, many cases. What else do you have to offer to the court?" Counsel for the defendant responded: "I've certainly been in those many types of cases where there's disagreements, Judge. . . . And just for the record, I can represent as an officer of the court, there's a clear distinction between [disagreement] and what's going on here. There's a fundamental misunderstanding regarding what can be put forward as a defense in this case.

There's a fundamental misunderstanding of the seriousness of the charges in light of the defense. It's not only a disagreement, it's a situation where, without disclosing private communications between attorney-client, I am led to believe—and I make this statement as an officer of the court, that attempting to extrapolate the relevant information from my client in order for me to go forward with his defense is virtually impossible."

In response, the court noted that defense counsel had met with his client on multiple occasions, and, yet, the first time the court heard of an issue of competency was when jury selection was to begin. Defense counsel agreed that that was a pertinent observation and then stated: "I think that in formulating a view of a client's inability to assist at trial, one needs to take into account, A, I'm not a psychiatrist, I'm just giving you a layperson's analysis of the reasons for why I believe this. And, B, I don't think it's—I think it's uncontested that these things and the behavior that exhibits—that attracts the concern can crop up at any time. And in fact, I know there have been cases—I don't have them in front of me, where a defendant may even be ordered to be examined in the middle of the trial. . . . So, that having [been] said, in the last day my client has said things and not been able to field information between he and I that I think is necessary to his proper understanding and his ability to further instruct me. He's indicated to me that there are things that he has withheld because he was waiting for trial—I don't know what that means, of course, Judge. But the point is, I don't know that he is stable enough or he understands enough about the seriousness of these charges for me to move forward and have him assist me in his own defense. . . . You know, I've advised my client about the elements of these charges . . . that he faced last month or at the beginning of the trial, for example. And there's been things he's seized upon, including the fact that there's a

weapon in this case or an alleged weapon in this, an alleged gun. And he's been informed that that's not whether the gun is operable or whether it's a rubber gun or it's made of wood—that does not constitute a defense. I cannot for the life of me extrapolate much more in the way of facts from him at this juncture."

After defense counsel concluded his argument, the court stated: "I think the issue that's before the court is whether or not there's some substantial evidence that would give rise to a concern on the part of the court that the defendant is not competent at this time to proceed with trial. And I must say that I have not heard that. What I've heard is that there are concerns about communications, there's some fundamental misunderstandings as to the seriousness of the charge. . . . I've read the December 16 [2009] report from the three health care providers who conducted the competency examination, and, in light of that finding, the gentleman was found competent. I have not heard any new, substantial evidence. In fact, I haven't heard any evidence that would give rise to a concern that their findings are no longer accurate. So, at this point, I will deny the request."

After the court denied the motion, defense counsel asked if the defendant could address the court. The court responded by saying that the defendant could bring anything to the court's attention through his counsel. Defense counsel followed up by stating: "It's a request that's based on following up, based on what Your Honor said, and the request is that he be able to express that to you himself, not from counsel." When the court questioned what defense counsel meant by that statement, defense counsel noted that the court had made a determination on the competency issue and that the defendant "believes that there's other bases for that and wishes to convey that to the court himself."

The court responded by stating that anything the defendant wanted to apprise the court of must be done through his counsel. Defense counsel did not address the issue of competency again.

The defendant was tried and found guilty of first degree burglary and first degree kidnapping. The court sentenced him to ten years imprisonment, with seven years of special parole. This appeal followed.

"We begin with the undisputed principle that the . . . conviction of an accused person who is not legally competent to stand trial violates the due process of law guaranteed by the state and federal constitutions. . . . Connecticut jealously guards this right. Therefore, [t]his constitutional mandate is codified in . . . § 54-56d (a), which provides that [a] defendant shall not be tried, convicted or sentenced while he is not competent. . . . [A] defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense. . . . This statutory definition mirrors the federal competency standard enunciated in *Dusky* v. *United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960) (per curiam). According to *Dusky*, the test for competency must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him. . . . Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial. . . . Although § 54-56d (b) presumes the competency of defendants, when a reasonable doubt concerning the defendant's competency is raised, the trial court must order a competency examination. . . . Thus, [a]s a matter of due process, the trial court is required to conduct an independent inquiry into the defendant's

competence whenever he makes specific factual allegations that, if true, would constitute substantial evidence of mental impairment. . . . Substantial evidence is a term of art. Evidence encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is substantial if it raises a reasonable doubt about the defendant's competency . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Johnson*, 253 Conn. 1, 20–21, 751 A.2d 298 (2000).

"We review the court's determination of competency under an abuse of discretion standard. . . . In determining whether the trial court [has] abused its discretion, this court must make every reasonable presumption in favor of [the correctness of] its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citation omitted; internal quotation marks omitted.) *State* v. *Paulino*, 127 Conn. App. 51, 61–63, 12 A.3d 628 (2011).

We begin by noting that every criminal defendant is presumed to be competent. General Statutes § 54-56d (b). If, however, during the course of the criminal proceedings, it appears that the defendant is not competent, either party or the court may request an examination to determine the defendant's competency. General Statutes § 54-56d (c). Due process requires a court to conduct an "independent inquiry" into the defendant's competence when specific factual allegations are made that, if true, would be substantial evidence of mental impairment. In interpreting what due process requires, however, "it is important to distinguish between an 'independent inquiry' by the court

and an independent competency examination of the defendant as provided by § 54-56d (d)." *State* v. *Ross,* 269 Conn. 213, 271, 849 A.2d 648 (2004). "It is clear . . . that the 'independent inquiry' required by due process whenever an allegation of incompetence has been made is a hearing before the court, not an independent psychiatric evaluation as provided by statute." Id., 272. In the present case, we believe that the proper question is not whether the court abused its discretion in failing to order a competency evaluation pursuant to § 54-56d (d); rather, the question is whether the court abused its discretion in failing to conduct an "independent inquiry" into the defendant's competence. The court's independent inquiry, in the form of a hearing before the court, necessarily precedes the step, if applicable, in which the court determines if a competency evaluation is justified under § 54-56d. We conclude that the court abused its discretion in failing to adequately conduct this independent inquiry and, thereby, violated the defendant's due process rights.

In the present case, defense counsel brought to the court's attention his concerns about the defendant's competency. He stated: "I've been asked questions and I've observed a behavior that leads me to believe that he will continue to have difficulty and an inability to effectively communicate with counsel in such a way that it will hinder my ability to defend him, especially with regard to his understanding of the case and the facts and conditions that existed at the time that he feels are relevant to his defense." Defense counsel represented as an officer of the court that there was a "fundamental misunderstanding" regarding the seriousness of the charges and the defendant's defense. Furthermore, counsel stated that, without disclosing private communications between him and his client, he believed that going forward with the defendant's defense was "virtually impossible." As previously noted,

the test for competency requires that a defendant understand the proceedings against him and be able to assist in his own defense. *State* v. *Johnson*, supra, 253 Conn. 20. Defense counsel raised a question before the court of whether the defendant could assist in his own defense. We conclude that those assertions, paired with the statement that there may have been relevant confidential communications at issue, were sufficient to constitute specific factual allegations that, if taken as true, would constitute substantial evidence of mental impairment. The court therefore was required to conduct an "independent inquiry," namely, a hearing before the court, to determine whether a competency evaluation was justified.

"Connecticut appellate courts have repeatedly held that a trial court may not be required to order a competency examination when the defendant's canvass supports a finding of competency." *State* v. *Silva*, 65 Conn. App. 234, 249, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001). In the present case, however, the court dismissed any notion of whether the defendant was competent without canvassing the defendant, or speaking to the defendant at all, even after counsel requested that the defendant himself be permitted to address the court about the competency issue. Furthermore, the court did not make a record of its observation of the defendant's behavior.[5] See id., 250 ("[T]he trial

[5] We also note that the court referred to the fact that approximately seven months prior, the defendant had been found competent to stand trial and that the court had not "heard any evidence that would give rise to a concern that [the] findings [of the health care providers who had conducted the court-ordered evaluation of the defendant] are no longer accurate." Our Supreme Court has noted repeatedly, however, that "[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." (Internal quotation marks omitted.) *State* v. *Johnson*, supra, 253 Conn. 21. The fact that the defendant was previously found to be competent did not necessarily mean that he was competent to stand trial on the day in question.

court was entitled to rely on its own observations of the defendant's responses during the canvassing, in light of his demeanor, tone, attitude and other expressive characteristics. . . . The trial court was in the best position to assess whether the defendant behaved rationally at that time." [Internal quotation marks omitted.]); see also *State* v. *DesLaurier*, 230 Conn. 572, 589, 646 A.2d 108 (1994) ("[t]hus, by not providing a sufficient description or explanation of the nature of the defendant's purported past irrationality, the observation of the defendant's counsel provided no reasonable basis for the trial court to *disregard its own, in-court observations* about the defendant's then present competency" [emphasis added]).

Here, in denying counsel's request for a competency examination, the court did not make any reference to the defendant's behavior or any relevant communications with the defendant. It denied the motion without further comment. The court also refused the defendant the opportunity to address the court on this issue, which would have given the court an opportunity to make these key observations. We conclude that, based on the specific facts of this case, it was an abuse of discretion to disregard defense counsel's assertions without further inquiry into the defendant's competence. This is particularly true when defense counsel made reference to confidential communications that could not be disclosed, and the court did not canvass the defendant or have an opportunity to observe the defendant's behavior. Because the court failed to conduct an appropriate inquiry into the defendant's competence, the court violated the defendant's due process rights.[6] We therefore reverse the judgment of conviction and direct the trial court to conduct a hearing to determine whether a competency evaluation is needed.

---

[6] We note that this decision does not determine the question of the defendant's competence to stand trial.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.